ADMINISTRATOR of JOHN BURNHAM vs. CYRUS ADAMS.

RUTLAND,
February,
1833.

Book of accounts may be given in evidence to the jury to support a declaration for goods sold and delivered, in favor of the owner of the book, if the same be accompanied with common law evidence of the correctness of the entries.

Where it becomes necessary, by the agreement of parties, to ascertain the amount of accounts charged on book, the book may be given in evidence to the jury with common law evidence of correctness, for them to find the amount.

This was an action of *assumpsit*, commenced in the County Court, on a promissory note, for $225, payable with interest, dated September 15th, 1821. The note was read in evidence, and it was admitted that the plaintiff's intestate died in August, 1829—that his estate had been represented insolvent, and Commissioners appointed thereon, who had made their return in due form of law.

The defendant then stated the defence to be, that at the time the note was executed, it was agreed between the parties, (the intestate and the defendant) that an account which the defendant had against the intestate for goods sold to him out of the defendant's store, should be applied in payment of the note; and also that such goods as the intestate should afterwards take up out of said store, should also be applied thereon, at their cash price; and that the intestate had taken goods out of the store to an amount more than sufficient to pay the said note, which was regularly charged on the books of the said Adams.

The plaintiff objected to the defendant's giving any evidence to support this statement, on the ground that the articles thus charged were the subject of a claim on book, in favor of the said Adams, against the said Burnham, and should have been presented to the Commissioners on the estate of said Burnham for adjustment.

The Court overruled the objection, and admitted the evidence. To which the plaintiff excepted.

The defendant then gave evidence tending to prove the agreement aforesaid, and also the sale and delivery of various articles from said store, both before and after the execution of the note, as well as the payment of several sums of money. The testimony to prove the sale and delivery of the articles aforesaid, was the deposition of the clerk of the defendant, who testified to the delivery of several arti-

40

RUTLAND,
*February,*
1833.

Burnham
*vs.*
Adams.

cles named in his deposition, and which were charged by him; and also the testimony of another witness, who took goods from the store of the defendant, by direction of the intestate, to the amount of $6,62.

The defendant also gave evidence tending to show that the said Adams, at different times, sold and charged to the intestate various other articles out of his store.

The defendant offered in evidence his books of account containing his charges and account against the intestate, both before and after the execution of the note, accompanied with evidence that they were the books kept in his store during the time the several charges were made, and that they were correctly kept in order to show the amount of the sales by the defendant, Adams, to the intestate. In the account against intestate, were, among other charges, the charges for the goods delivered by the clerk of the defendant. The plaintiff objected to the admission of the books in evidence, and they were excluded by the Court. To this decision, the counsel for the defendant excepted.

The plaintiff contended that he was entitled to recover the whole amount of the note, unless the defendant showed that the money or goods were applied in payment of the note, when the same were delivered.

The Court charged the jury, that if they believed from the evidence that such an agreement was made as the defendant contended, they would be warranted in applying all the money and goods which the defendant had proved were received by the intestate, in payment of the note.— That when there was but one claim in favor of a plaintiff, and money or goods or both were paid to such plaintiff by a debtor, the jury would presume that it was in payment of that claim, though there was no evidence that the payment was delivered to be applied to that particular claim.

The jury found a verdict for the plaintiff of  *  *  * and judgement was rendered thereon. The defendant having excepted to the decision of the Court in not admitting the books in evidence as aforesaid, the exception was allowed, and the cause passed to the Supreme Court for revision.

The opinion of the Court was delivered by

BAYLIES, J.—This was an action of *assumpsit* on note for $225. The defendant stated his defence to be, " that at the time the note was executed, to wit, September 15th, 1823, it was agreed between the parties, (the intestate and defendant) that an account, which the defend't had against the intestate for goods sold to him out of the defendant's store, should be applied in payment of the note, and also such goods as the intestate should afterwards take up out of said store, should be applied thereon, at the cash price ; and that the intestate had taken goods out of the store to an amount more than sufficient to pay the note, which were regularly charged on the books of the said Adams." The case shows, " that the defendant gave evidence tending to prove the aforesaid agreement, and also the sale and delivery of various articles from said store, both before and after the execution of the note, as well as the payment of several sums of money." After this, " the defendant offered in evidence his *books of account* containing the charges and account against the intestate, both before and after the execution of the note, *accompanied with evidence that they were the books kept in his store during the time the several charges were made, and that they were correctly kept*, in order to show the amount of the sales by the defendant, Adams, to the intestate. The plaintiff objected to the admission of the books in evidence, and the Court excluded them." And the question is, Did the Court err in excluding the books ? In several of the States, it has been decided, that books containing accounts, are admissible as evidence to the jury to support a declaration *for goods sold and delivered*, on the party who owns the books, making oath, that the entries are true.—See 1 Dallas, 85, 239, 276.—2 Mass. Rep. 217, 569.—4 Mass. Rep. 455.—13 Mass. Rep. 427.

This is certainly a departure from the common law. In this State, we have not adopted this rule ; but here the party may make oath to the truth of the entries on his book before auditors, in an action which he has brought on *book account* according to our statute. But because he may bring an action on *book account*, and make oath to the entries before auditors, the statute does not deprive him of

RUTLAND,
February,
1833.

Burnham
*vs.*
Adams.

Burnham
vs.
Adams.

his common law remedy: he may still declare for *goods sold and delivered,* and give his book in evidence to the jury, accompanied with such other evidence as the common law requires to prove his declaration. The common law requires, that the entries in the book should be proved by the clerk, or servant, who made them, if such clerk or servant be alive, and can be produced.—1 Esp. N. P. Rep. 1, 328. But it has been settled ever since the decision in Lord *Torrington's* case, that if the entries were made by a clerk, or servant, who is since dead, the books are admissible as evidence on proving the entries to be in the handwriting of such clerk or servant; and also proving his death.—Salk. 285 and 690. In the case at bar, I do not understand that the defendant offered any thing but common law proof, *when he offered his books, and evidence to show that the entries were correctly made against the intestate.* This proof was necessary to enable the jury to ascertain how much had been paid on the note, according to the agreement of the parties, and should have been admitted by the Court.

If the intestate, when the note was given, agreed that the defendant's *account* against him on book should be payment on the note, this agreement *seemed* to make the book containing the *account,* necessary evidence to be submitted to the jury, to enable them to ascertain the amount of the *account* at that time. So the books were necessary evidence to ascertain the amount of goods subsequently delivered by the defendant to the intestate, and charged on book, if it was agreed that such goods should be payment on said note. If there was a dispute about any of the entries made on book, either before or after the giving of the note, such dispute should be settled by the jury on view of the books, and other common law evidence, relating to such entries. On the whole, I am satisfied that the books, and evidence to show that they were the defendant's, and that the charges were correctly made, should have gone to the jury for them to weigh; and inasmuch as the Court excluded this evidence, their judgement is reversed, and a new trial granted.

*R. C. Royce,* for plaintiff.

*Jonas Clark,* for defendant.