## JULIUS HALBERT v. J. D. SOULE AND S. C. NOBLE.

### Receiptor of Attached Property.   Pleading.

The defendants with two others formed a partnership by verbal agreement and en-
gaged in manufacturing shade rollers. The sign over the door of their place of
business was "St. Albans Shade Roller Manufacturing Company," and their
bills were made out in that name. Property owned by the partnership was at-
tached on a writ in which the defendant was described as "The St. Albans
Shade Roller Manufacturing Company, *a corporation under the laws of Ver-
mont.*" The two defendants receipted. In an action against the receiptors;
*Held*, that the case was controlled by *Adams* v. *Fox*, 17 Vt. 361, where it was
ruled that a receiptor could set up his ownership of the property as a good de-
fence; that the original writ did not run against the defendants in this case, but
really against nobody.

TROVER. Plea, the general issue. Trial by court, March
Term, 1882, ROYCE, Ch. J., presiding. Judgment for the
defendant.

The property, for which the two defendants gave their
receipt, was attached on a writ in favor of Thos. W. Clark,
and judgment was obtained by default in the County Court.
At the time the attachment was made and the receipt given,
the defendants, Hiram B. Soule and George Gregory Smith,
were engaged in the business of manufacturing shade

Halbert *v.* Soule.

rollers at St. Albans, as partners, as the exceptions stated, "under a verbal understanding." The other facts are sufficiently stated in the opinion and head note.

*M. Buck & Son,* for the plaintiff.

The judgment rendered in favor of Clark against The St. Albans Shade Roller Manufacturing Company was valid. The judgment of a court of competent jurisdiction is not void for irregularity in the previous proceedings. *Kellogg, ex parte,* 6 Vt. 509; *Beech* v. *Abbott,* Ib. 586; *Allen* v. *Huntington,* 2 Aik. 249; *Stevens* v. *Fisher,* 30 Vt. 200. In the case of *Adams* v. *Fox,* 17 Vt. 361, the property belonged to the receiptor; in this case, to the defendant company. Whether it was a corporation or partnership, makes no difference. The company remained the same in name and membership. The notice given to the officer, that the property belonged to the company as a partnership, and not as a corporation, was an attempt to file a plea in abatement to the writ before the officer. The matters urged here were only proper in defence in the Clark suit. *Porter* v. *Gile,* 47 Vt. 620; 23 Vt. 538.

*Noble & Smith,* for the defendants, cited *Adams* v. *Fox,* 17 Vt. 361, and *Roberts* v. *Carpenter,* 53 Vt. 678; and argued that these cases governed this one.

The opinion of the court was delivered by

VEAZEY, J. This is an action of trover for goods receipted to an attaching officer, which he had attached. In *Adams* v. *Fox,* 17 Vt. 361, the court held, that one who has executed a receipt to an attaching officer, for property attached, thereby promising to deliver the property to the officer upon demand, may show, in defence of an action against him upon the receipt, that the property receipted was, at the time of the attachment, his property, and not liable to the attachment, and that he then so informed the officer; and such showing will entitle him to judgment in his favor.

We think that case controls the one at bar. In this case the writ was against nobody. There was no such defendant as the writ described. The property attached and receipted by these defendants was their property; and the officer was so informed at the time, and that they were not sued in the writ in favor of Clark. We think it is quite clear that if a person can defend against his receipt for his own property to an officer attaching it on a writ against somebody else actually existing, he may do the same when attached on a writ against simply an imaginary defendant.

Judgment affirmed.