## SAWYER & MANNING *v.* THE NEW YORK STATE CLOTHING CO.

### *Amendment. Pleading.*

A writ cannot be amended so as to substitute a partnership with names of partners, etc., in place of a corporation, as defendant.

ASSUMPSIT brought to the April Term, 1885, against "The New York State Clothing Company, a corporation created and existing under and by virtue of the laws of the State of New York, and having a branch house and doing business at the city of Burlington." The officer's return recited that service was made by delivering a copy of the writ to one Abraham Cane, treasurer. Defendant pleaded no such corporation, and plaintiff moved to amend the writ upon the ground of a misdescription of the defendant as a corporation, by declaring against defendant as a copartnership, and by inserting the names of the partners, of whom said Abraham Cane was one, constituting the firm and doing business under said name. Amendment allowed and the defendant excepted.

The cause was continued, and, at the September Term, 1885, was set for trial by jury, by defendants' attorneys. Before the case was reached on the calendar defendants' attorneys filed a motion to quash on the ground that the service was not according to law. This motion, on hearing, was overruled, and no objection on the merits being made, judgment was rendered for the plaintiffs. The writ as amended was: " To attach the goods, chattels, or estate of Henry W. Cane, Wm. J. McCaffrey, Geo. W. Cane, and Abraham Cane, of Plattsburgh, Clinton County, there partners under the style

of The New York State Clothing Company, and having a branch house and doing business at the city of Burlington."

*Whittemore & Wheeler* and *E. R. Hard,* for the defendant.

The County Court has no power to allow any amendment which changes the parties to an action. *Bowman* v. *Stowell,* 21 Vt. 314; *Stevens* v. *Hewitt;* 30 Vt. 265; *Waterman* v. *Conn. & Pass. R. R. Co.* 30 Vt. 614; *Emerson* v. *Gilson,* 11 Vt. 357.

The difference between a corporation and a copartnership is obvious. Ang. Corp. 34, 635; *Whitman* v. *Porter,* 107 Mass. 522; *Bank* v. *Billings,* 4 Pet. 562.

*W. L. Burnap,* for the plaintiffs.

The defendant company existed under the name by which it was sued. It was not a corporation but a copartnership.

The mistake having been found, the plaintiffs were permitted to correct it, not by substituting a different party, but by properly setting forth what the defendant was, *i. e.,* a partnership.

It did not constitute a change, but only a different description of the original party. *Lewis & Co.* v. *Locke,* 41 Vt. 11.

It is to be presumed that the court below found all the facts necessary to satisfy it that no change of party would be effected; and that the plaintiff intended to sue the party as *now described ;* and that the appearance was entered and the misdescription pleaded by the *right* party.

There could therefore be no error in allowing the amendment. See *Stanton* v. *Proprietors, etc.,* 47 Vt. 172; *Hosford* v. *R. R. Co.* 47 Vt. 533; *Deshler* v. *Foster,* 1 Morris (Iowa), 403; *Abbott* v. *Semple,* 25 Ill. 107; *Ulmer* v. *Hiatt,* 4 Greene (Iowa), 439; *Clark* v. *Blackwell,* 4 Greene, 441; *Flake* v. *Carson,* 33 Ill. 518.

The opinion of the court was delivered by

ROWELL, J. As there was no such corporation as The New York State Clothing Company, the suit was originally

against nobody. *Halbert* v. *Soule,* 57 Vt. 358. Hence, delivering a copy of the writ to Cane, the supposed treasurer of such a corporation, brought nobody into court; and there being originally no defendant, it was not competent to make one by amendment.

Judgment reversed and cause dismissed.