## STATE *v.* SWITZER.

*False pretences. Obtaining property or signature by. Allegations of indictment.*

1. Indictment under R. L. s. 4154, charging the respondent with procuring one Tibbetts to sign a promissory note by pretending that three men in Sutton, one man in Newport, George K. Chesley and Paul Willard had made an arrangement to furnish money to pay all the respondent's debts, together with the note which Tibbetts might give. *Held,* that the indictment need not allege that the pretences were feloniously made.

2. Nor did the false pretences refer to something which was to be done in the future, but to the arrangement which the respondent represented to have been already made.

3. Whether the false pretences were such as ought to mislead a man of ordinary prudence cannot be determined on demurrer. That question is for the jury.

4. It must be alleged that the signature was designedly obtained.

5. It is sufficient to allege that the signature was obtained by false pretences, setting forth what they were, and a further description of them as "inducements" and "representations" does no harm, being mere tautology.

6. The note being set forth verbatim, it is not necessary to aver that the false making of it would be punishable as a forgery.

7. An allegation that the respondent obtained the signature to the note implies the further allegation that the note was delivered to him.

8. It is immaterial whether the six men, or any one of them would or would not furnish the money to pay the note. The offence was in falsely alleging that the arrangement had been made.

9. It is not necessary to allege that the respondent knew the pretences to be false, if it is alleged that he designedly made them with intent to defraud.

Indictment for procuring the signature of John C. Tibbetts to certain promissory notes. Heard upon general demurrer at

the June term, 1890, Powers, J., presiding. Demurrer overruled, *pro forma.* The defendant excepts.

The questions decided appear in the opinion.

*Bates & May,* for the respondent.

It should be alleged that the pretences were feloniously made. 1 Bish. St. Cr. ss. 387, 452; 4 Black. Com. 307; 2 Hale P. C. 184; 1 Chitty C. L. 242; *State* v. *Wheeler,* 3 Vt. 344.

The pretences set forth were that something was to be done in the future. *Ranney* v. *People,* 22 N. Y. 413; *R.* v. *Goodall,* R. and Ry. 461; 2 Bish. Cr. Law. 419, 425; *Morgan* v. *State,* 42 Ark. 131; S. C. 43 Am. Rep. 55; *Com.* v. *Stevenson,* 127 Mass. 446.

There is no allegation that the written instrument was delivered to the respondent. 2 Bish. Cr. Law, s. 460; 7 Am. and Eng. Ency. Law, p. 742.

Nor that the respondent knew the representations to be false. *People* v. *Galloway,* 17 Wend. 540.

*Harry Blodgett,* State's attorney for the State.

It is not necessary that the indictment should expressly allege that the respondent knew the pretences to be false. *Reg.* v. *Ball,* 13 Cox. C. C. 608; *State* v. *Call,* 48 N. H. 126; *State* v. *Boon,* 4 Jones, (N. C.) 463.

The word feloniously is not necessary. *Hamilton* v. *Reg.,* 2 Cox. C. C. 11, 16; *State* v. *Daley,* 41 Vt. 564; *State* v. *Cook,* 38 Vt. 437; *State* v. *Jones,* 33 Vt. 443; *State* v. *Sleeper et al.,* 37 Vt. 122.

An indictment of this kind is sufficient if it follows the language of the statute. *Com.* v. *Barrett,* 108 Mass. 303, cases cited; *Com.* v. *Ashton,* 125 Mass. 384.

It is no objection that the false pretence has reference to some future event, if it contains the statement of a present or past fact. *Cham.* v. *Fuller,* 59 Vt. 256; *Com.* v. *Drew,* 19 Pick.

184; *Com.* v. *Stevenson*, 127 Mass. 446; *People* v. *Herrick*, 13 Wend. 87; *State* v. *Penley*, 27 Conn. 587.

The opinion of the court was delivered by

TAFT, J.   The statute under which the respondent stands indicted imposes a penalty upon any one who designedly by false pretences, with intent to defraud, obtains from another person, money, or other property, or the signature to any instrument the false making of which would be punishable as forgery.   It is insisted that each count is bad.   There are fourteen in number. It is claimed that it should be alleged that the pretences were made feloniously.   The statute, R. L. s. 4154, creates and defines the offense and an indictment in the words of the statute, properly setting forth the pretences and alleging their falsity, is sufficient; it need not be averred that the pretences were feloniously made.   See *State* v. *Daley*, 41 Vt. 564.   It is further claimed that the pretences are not within the statute; that they relate to acts to be performed in the future; statements of something to take place in the future, *i. e.* that six men named were to pay the debts of the respondent at some subsequent time.   We think in making this claim the counsel misconceive the purport of the allegations, which is, that the persons named, had in the past, entered into arrangement and agreement to furnish money to pay the respondent's debts; a representation of an existing fact which would bring about a future result.   In falsely pretending that such an arrangement and agreement had already been made, the respondent, in that respect, brought himself directly within the statute.   *In re Greenough*, 31 Vt. 279.   It is next claimed that the false pretences were not such as to mislead a man of ordinary prudence.   This question cannot be raised upon demurrer, for if the rule is, as claimed by the respondent's counsel, whether the pretences were calculated to deceive a person of ordinary prudence would be a question to be submitted to the jury under all the circumstances of the case.

An objection is made to certain counts that it is not alleged that the signatures, or money, therein named, were obtained designedly. The obtaining, to constitute an offense, must be designedly, and for want of such an allegation counts one, three, four, eight and twelve are insufficient.

It is sufficiently alleged that the signatures and money were obtained by means of false pretenses. The acts of the respondent are properly described as " false pretenses," and further describing them as "inducements," " representations," and " sayings," does not render the count defective. Describing the acts in the language of the statute is sufficient and the better way, but a further description of them as sayings, etc., is objectionable in nothing but a tautological sense. The instrument to which the signature was obtained being fully set forth verbatim, it was unnecessary to allege a conclusion of law, that the false making thereof was punishable as forgery.

An allegation of the delivery of the notes to Switzer is implied in the averment that he obtained the signatures. He could not have obtained them without a delivery of the notes to him, or to some one for him. All the synonyms of the words, to obtain, indicate this as the proper construction. A promissory note is property within the meaning of the words "or other property" as used in the statute.

It is said that in the eleventh count there is no allegation of an intent to defraud. This is an error, as it is set forth that the respondent falsely pretended, etc., with the intent then and there by means thereof to defraud the said Tibbetts.

The claim that it is not alleged that no one of the six men named would furnish the money to pay Switzer's debts, if not an absurdity savors strongly of it. The allegation was unnecessary, mere surplusage. The pretense alleged was that six men named had agreed to furnish the money to pay Switzer's debts. This was properly negated. If all had not made the agreement, the pretense was false even if one of the six, or all of them, or

State *v.* Switzer.

Switzer himself, was ready to pay and did pay. The gravemen of the offense is in making the false pretence, etc., and obtaining thereby a person's property or signature, and does not depend upon the ultimate loss of the victim, or whether, in fact, the latter sustains any pecuniary loss or not. In *State* v. *Mills*, 17 Me. 211, it was falsely pretended by the owner of a horse that he was the horse called the Charley, and by that pretence the owner procured an exchange of horses; it was held that it was a false pretence within the statute, although the horse falsely called the Charley was as good, and of as great value as the real Charley horse.

The third and fourth counts being held defective for the reasons before stated, other objections thereto are not considered.

We hold that under this statute it need not be alleged that the respondent knew the pretences were false; if it is alleged that he designedly made them, with intent, etc., the indictment is sufficient.

*Judgment reversed and cause remanded.*