## ALBERT L. STILLWELL *v.* JACOB FAREWELL.

*Trover for coversion by exceeding limits of bailment. Evidence. Entry on book. Intoxication of defendant. Damages when property received back. Rebuttal. Modification of contract.*

1. The action being trover for the conversion of a horse by driving it beyond the limit of the original bailment, an entry upon the plaintiff's book made at the time is not original evidence of the terms of the bailment, but at most is only corroborative as a memorandum to assist the plaintiff's memory, and should only be submitted to the jury with this restriction from the court.

2. The plaintiff claimed that the horse had been misused on the trip. The defendant insisted that he drove it properly, and sought to prove this by the testimony of himself and one Allen who rode with him. *Held,* that the plaintiff might properly show that the defendant was intoxicated, as tending to establish his misuse of the horse, and might show the same fact as to Allen after he was improved as a witness.

3. Allen having testified that he drank nothing that day but beer, the plaintiff might be permitted to ask him on cross-examination if two days after he did not offer alcohol to another person, saying it was some left from this occasion.

4. The plaintiff having received back the property converted, an instruction that the measure of damages would be the difference in value when converted and when returned is sufficiently favorable to the defendant.

5. The plaintiff having introduced evidence of the value of the horse when received by the defendant, as tending to show its value when converted, and the defendant having introduced no evidence of any change in its condition, the court properly instructed the jury that they were to consider whether its condition probably remained the same.

6. The plaintiff testified upon direct examination that the horse was worthless when returned. Upon cross-examination he said that he had subsequently traded him off. *Held,* that upon re-examination he might

Albert L. Stillwell *v.* Jacob Farewell.

further state what he received for the horse and what he had previously expended upon it.

7. The evidence of the defendant tended to show that the horse was permanently lame before he hired it. *Held*, that the plaintiff might show the contrary in rebuttal.

8. The defendant was not entitled to an instruction that he could not be made liable unless he drove the horse beyond the point to which he notified the plaintiff he was going upon leaving. The rights of the parties were determined by the contract of bailment, and one party could not modify that by mere notice.

Trover for the conversion of a horse. Plea, the general issue. Trial by jury at the June term, 1890, Orange county, Tyler, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The opinion states the case.

*Geo. L. Stowe* and *R. M. Harvey*, for the defendant.

The admission of the entry upon the plaintiff's book as independent evidence was error. *Godding, Admr.* v. *Orcutt*, 44 Vt. 54.

That the defendant was intoxicated had no bearing upon the case and was improperly admitted. 1 Add. Tor. (Wood's Ed.) s. 541; *Abbott* v. *Kimball et al.*, 19 Vt. 551; *Nutt* v. *Wheeler*, 30 Vt. 437; *Tinker* v. *Morrill et al.* 39 Vt. 477.

*J. K. Darling* and *C. N. Watson*, for the plaintiff.

In connection with the plaintiff's testimony his book was properly admitted. 1 Greenl. Ev. ss. 118–119 and notes; *Winship* v. *Waterman*, 56 Vt. 181.

That the defendant and Allen were intoxicated on arriving home tended to discredit them as witnesses. *Cox* v. *Eayres*, 55 Vt. 24, 35.

The rule adopted by the court as to damages when the property is returned is the correct one. 2 Greenl. Ev. 640 and cases cited; *Yale* v. *Saunders et al.*, 16 Vt. 243; *Greenfield Bank* v. *Leavitt*, 17 Pick. 1; *Lucas* v. *Trumbull*, 15 Gray 306; *Perham*

*et al.* v. *Comy*, 117 Mass. 102; *Gove* v. *Watson*, 61 N. H. 136; *Hurlbert* v. *Green*, 41 Vt. 490; *Baker* v. *Drake*, 53 N. Y. 211.

The opinion of the court was delivered by

MUNSON, J.    The plaintiff, a livery stable keeper in Chelsea, claimed that he let the team in question to the defendant, to be driven to Barre, and that the defendant converted the property by taking it beyond the agreed destination. The defendant conceded that the team was originally engaged for a trip to Barre, and that he drove it to Montpelier; but he claimed that just before leaving the stable the contract was so modified as to permit this further use.

The plaintiff was permitted to produce in evidence, in connection with his testimony regarding the contract, the register in which he kept a record of teams let, which contained what purported to be an entry in due course of the transaction with defendant. The defendant insists that this entry was admissible only as confirmatory of the plaintiff's testimony, and that it was submitted to the jury as independent evidence of the terms of the contract.

Assuming that it sufficiently appears that the book was one of original entries, and assuming also that the entry contains nothing more than may properly be embraced in a book charge, the entry would have been independent evidence in an action to recover the price of the letting. But we think that in an action to recover damages for a conversion of the property the entry must stand as a mere memorandum, and be weighed only in connection with the plaintiff's testimony. In assumpsit for goods sold and delivered, entries properly made upon book are evidence of the sale and delivery of the things charged. *Burnham* v. *Adams*, 5 Vt. 313. But where goods have been sold to one who is claimed to have taken more than his purchase entitled him to, and it is sought to charge him in trespass or trover for the excess, we do not understand that such an entry can be used to limit the amount of the sale, and thereby establish a tortious taking of what is not covered by the entry.

Albert L. Stillwell *v.* Jacob Farewell.

So this entry was admissible only to corroborate the plaintiff's testimony, and not as affording direct evidence of the terms of the contract; and was to be submitted to the jury with this restriction as to its effect. *Lapham* v *Kelly*, 35 Vt. 195. The defendant claims that no such restriction was imposed, and upon the exceptions before us this view must be sustained. The court referred to the entry as "tending to show what the contract was," and as "bearing upon the question whether there was a meeting of the minds of the parties" in modification of the contract. These expressions, unaccompanied by any explanation of the doctrine applicable to memoranda, must have led the jury to give to this entry the force of direct and independent evidence.

The plaintiff claimed that the horse was misused on the return trip and was worthless when it reached the stable. The defendant claimed, and sought to establish by his own testimony and that of one Allen, who rode with him, that the horse was properly driven and sustained no injury. The testimony received to show that the defendant was intoxicated when returning and on his arrival was admissible as tending to support the plaintiff's claim that the horse was improperly driven and thereby injured. The defendant having subsequently taken the stand, this evidence became entitled to consideration as tending to show that he could not testify correctly to what occurred on the trip. But testimony of the same character as to Allen could not be received on the first ground, unless there was some evidence to connect him with the driving or care of the horse. Nor was it admissible on the second ground until after he had been a witness. The charge of the court upon this point contains no error prejudicial to the defendant.

Allen testified on direct examination that he took nothing but beer that day, and that a bottle of alcohol he had on reaching home was in the same condition as when he left Montpelier, and that the defendant drank nothing during the day to his knowl-

edge. In view of this testimony, it was proper to ask Allen in cross-examination if he did not, two days after, offer alcohol to another person, saying it was some left from this occasion. If the question did not call for anything directly inconsistent with what he had testified to, it was one well calculated to lead him to admit something beyond what he had thus far disclosed.

It is well settled that when property converted is afterwards returned to the owner and taken possession of by him, its return is to be considered in mitigation of damages. The case discloses no reason why a return in this instance should be held to restrict the plaintiff to nominal damages, as claimed by the defendant. The court held that the measure of damages was the difference between the value of the property at the time of conversion and its value when returned; and if either party was entitled to complain of this, it was not the defendant. 1 Add. Torts, Wood's Ed. 495 n; *Yale* v. *Saunders*, 16 Vt. 243.

The plaintiff relied upon a conversion at Barre. As bearing upon the value of the horse when at that point, he was properly permitted to show its value at and shortly before the time it was taken from the stable. As the defendant offered no evidence tending to show that the horse was worth less on its arrival at Barre than when it left Chelsea, and made no claim to that effect, he could ask nothing more than, nor different from, the court's instruction to the jury in this connection, that they inquire whether it was probable that the condition of the horse at Barre was different from its condition on starting.

The plaintiff testified in chief that the horse was worthless when returned. On cross-examination it appeared that he had afterwards traded it off. Upon re-examination he was permitted to state what he had realized from the horse, and what expense he had been put to. From the data thus obtained it was probably argued that his evidence in chief was correct. Without it, it would doubtless have been argued from the cross-examination that his evidence in chief was false. The answers received under

Albert L. Stillwell *v.* Jacob Farewell.

objection were admissible to support his direct evidence against the unfavorable presumption which might otherwise have been drawn from his cross-examination.

The defendant's evidence tended to show that the horse was permanently lame before he hired it. In rebuttal, the plaintiff was permitted to show by witnesses who had driven the horse before the defendant had it that it was not lame. The fact that the plaintiff had shown the condition of the horse upon the question of damages in making out his case, did not make this further testimony inadmissible. A plaintiff is not obliged to rely upon the general evidence of his opening case to overcome a specific point developed by the defence, but may give such point a direct and specific denial.

The defendant was not entitled to a charge that he would not be held liable unless it was found that he drove the horse beyond the place to which, at the time of leaving, he notified the plaintiff he intended to go. It was left to the jury to determine, under proper instructions, whether the original contract was subsequently modified as claimed by the defendant. It could not be modified by the action of one party alone; and it was for the jury to say, upon a consideration of all that was said and done, whether any proposition which the defendant might be found to have made was assented to by the plaintiff.

*Judgment reversed and cause remanded.*