ELIAS LYMAN *v.* C. W. JAMES.

November Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 20, 1912.

*Writ of Attachment—Validity—Sales—Passing of Title—Delivery.*

A writ of attachment purporting to be against a domestic corporation does not justify the attachment of the property of a natural person doing business as such, though under the same name as that of the alleged corporation.

Where a bill of sale, reciting a valuable consideration and purporting to be executed by the seller, transferred title to the buyer, there was a sale, good as against the seller, regardless of delivery and possession.

TROVER AND TRESPASS for an automobile. Plea, the general issue, and notice of justification as an officer serving a writ of attachment. Trial by jury at the March Term, 1911, Chittenden County, *Butler*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion sufficiently states the case.

*Max L. Powell* for the plaintiff.

*Furman & Webster* for the defendant.

MUNSON, J.  The suit is for the taking and conversion of an automobile which the plaintiff claimed to own.  The defendant justifies under a writ of attachment in favor of one B. B. Perkins.  The writ commanded the officer to attach the property of the "Hill Storage & Implement Co., a corporation organized and existing under and by virtue of the laws of the State of Vermont with its principal office at Burlington."  The defendant attached the automobile as the property of "the within named defendants, the Hill Storage and Implement Co."  Perkins, the plaintiff in this writ, was a creditor of one Wm. H. Hill, who was doing business under the name of the Hill Storage and Implement Company and was the sole person interested therein.  The defendant introduced evidence tending to show that the Hill Storage and Implement Company was the same as Wm. H. Hill.  There was no evidence and no claim that there was any corporation by that name.

Plaintiff's counsel, in his closing argument to the jury, claimed that the defendant had no right to attach the automobile on a process issuing against the Hill Storage and Implement Company, a corporation.  The plaintiff requested the court to charge that the defendant's process did not entitle him to take this property even if it belonged to Hill, inasmuch as the writ was against the Hill Storage and Implement Company, a corporation, when in fact no such corporation existed; and excepted to the court's refusal so to charge.  The court, for the purposes of the trial, instructed the jury that the suit was in favor of a creditor of Hill, and that the defendant had a writ regular in form and was bound to make the attachment.  The plaintiff excepted to this on the ground that the defendant had no process against Hill, and had no right to attach the property of the plaintiff, or even of Hill, on a writ against the Hill Storage and Implement Company, a corporation.

If the writ had issued against the Hill Storage and Implement Company and been duly served on Hill, it is probable that the process would have been sustained on proof that Hill and the company were the same.  But the writ issued against the Hill Storage and Implement Company, a corporation organized and existing under the laws of this State; and Hill could not be the same person as the corporation named as defendant.

Moreover, Hill was not doing business in the guise of a corporation of that name, and the fact that there was no such corporation could not have justified the rendition of a judgment against him.  So the attachment was made upon a process which was void for want of a defendant.

Where two persons formed a partnership and did business as the "St. Albans Shade Roller Manufacturing Company," and the property of the partnership was attached on a writ in which the defendant was described as "The St. Albans Shade Roller Manufacturing Company, a corporation under the laws of Vermont," and the partners receipted the property and were sued on the receipt, the Court held that they could set up their ownership of the property as a defence, saying that the writ on which the property was attached was against nobody.  *Halbert* v. *Soule*, 57 Vt. 358.  The same view was taken of a writ of the same character in *Sawyer* v. *New York State Clothing Co.*, 58 Vt. 588, 2 Atl. 483.

The bill of sale, which recited a valuable consideration and purported to be executed by Hill, and as to which no question was made, transferred the title of the property to the plaintiff.  So upon the undisputed evidence there was a sale of the property good as against Hill; and it does not become necessary to inquire as to the character of the delivery and possession.

*Judgment reversed, judgment for plaintiff, and cause remanded for the assessment of damages.*