## ELIAS LYMAN v. C. W. JAMES.

### January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 10, 1914.

*Trover—Damages—Articles Returned—Loss of Rental and Opportunity to Sell—Opinion Evidence—Assumption in Question—Review—Ground of Exception—Instruction.*

In trover for the conversion of an automobile that was returned to plaintiff after the conversion, where the declaration alleged special damage from the loss of rental and of opportunity to sell, those were matters properly to be considered in the assessment of damages.

In trover for the conversion of an automobile that defendant, after he took it from plaintiff's lessee, returned, it was immaterial, as regards plaintiff's right to recover for loss of rentals, that the rentals received from the lessee were to be credited on his debt to plaintiff.

Where the amount of damages is the only issue, it is immaterial whether evidence, properly admitted on that issue, bore on any other question.

Cross-examination for the purpose of discrediting a witness is not infringed by the exclusion of a question no answer to which could have a discrediting or impeaching effect.

The assumption, in a question as to the depreciation of an automobile of 1910 model, that it was returned to its owner after the 1911 model was on the market is warranted by the evidence that the 1911 model was on the market early in August, and that the 1910 car was returned to its owner "about the middle of August, 1910."

The assumption in a question that an automobile was used for such demonstrating purposes "as were necessary" is warranted by the evidence that the car was used for demonstrating purposes.

An exceptor will be confined on review to the objections that he stated below to a question asked an expert witness.

In trover for the conversion of an automobile that had been returned, there may be allowed as damages the difference betweeen the value of the car when taken and its value when returned.

In an action of trover; the return of the converted property goes only
in mitigation of damages.
Where the ground of an exception to the charge, in trover for property
returned, that the loss of rentals might be recovered was only that
the loss of rentals is not a proper element of damages, no question
was reserved as to the failure of the court to make it clear that
the gross amount of the lost rentals should not be added to the
diminished value of the car.

TROVER AND TRESPASS for an automobile, Chittenden
County, March Term, 1913, *Waterman,* J., presiding. Assess-
ment of damages by jury, on remand for that purpose only. See
85 Vt. 355. The defendant excepted.

Objection having been made to the question, on cross-ex-
amination of plaintiff, "Hill owed you then, didn't he, at
the time you got the car?" defendant made the following
offer: "We offer to show that, at the time of the arrange-
ment, Hill was owing the plaintiff a large sum of money, and
that, by arrangement between Hill and the plaintiff, whatever
moneys were received by Hill for rentals of the car were to
be turned over and credited upon what Hill owed him, and
that the rentals were for the benefit of Hill instead of Lyman,
as bearing on the question of his right to recover damages for
the rental, because we say he cannot recover under the cir-
cumstances. It is on the question of damages. The rentals
belong to a person other than the plaintiff, and he is not there-
fore entitled to recover for it." Offer excluded, to which de-
fendant excepted.

*Furman & Webster* for the defendant.

*Max L. Powell* for the plaintiff.

HASELTON, J. This is an action for the taking and con-
version of an automobile. The question of liability has here-
tofore been determined in favor of the plaintiff. See 85 Vt.
355. The cause was remanded for the assessment of damages.
The assessment has been made by a jury, and the case now
comes here on exceptions, relating to the assessment proceed-
ings, taken by the defendant.

The defendant, who attempted to justify as an officer acting under a writ of attachment, took the automobile in question from the possession of one Hill, May 28, 1910, and kept it until on or about August 1, 1910, when it was returned to the plaintiff and went into his possession and control.

The car was a Chalmers-Detroit touring car of the 1910 model, and was purchased by the plaintiff November 15, 1909, of Hill, who was in the automobile business. Immediately upon its purchase, under an arrangement between plaintiff and Hill, the car went back into Hill's possession with the right on his part to use it for demonstrating purposes and in the livery business; and from the date of purchase until May 28, 1910, when it was taken by the officer, Hill had possession of the car, and used it for demonstrating purposes and occasionally rented it for hire conformably to the arrangement referred to. When the car was released from the possession of the defendant it was, by direction of the plaintiff, turned over to Hill who took possession of it in behalf of the plaintiff and continued to use it as before under the arrangement referred to which still existed.

The plaintiff testified that he put the car into the hands of Hill to run and to sell and that by the conversion he was deprived of the opportunity of selling. The testimony was objected to on the ground that the loss of rental and the loss of sale were not proper elements to be considered in the assessment of damages. But the evidence was received as bearing upon the question of damages for the detention of the car. To the ruling of the court receiving the evidence the defendant excepted. We think that the loss of rental and the loss of opportunity to sell were proper to be considered in the assessment of damages since the declaration as amended alleged these special elements of damage. *Luce* v. *Hoisington,* 56 Vt. 436.

Whether the evidence as to loss of sale, meaning of course the loss of opportunity to sell at an advantageous time, was definite enough to be admissible, or was mere conjecture, is a question not raised.

The defendant in cross-examination of the plaintiff offered to show that Hill was owing the plaintiff and that the rentals received by Hill were to be applied on this debt, claiming that thus the rentals belonged to another person than the plaintiff.

But the offered evidence was immaterial on the question of damages, for it did not matter whether the plaintiff was to be paid in cash or in credits. The evidence was excluded and properly so.

If the offered evidence bore upon any other question than that of damages it was immaterial, for no other question was before the court on the hearing now under review. And though the witness was a party, and though he was under cross-examination, no evidence in chief could be received relating to any other question than that of damages. The right of inquiry for the purpose of discrediting the witness was not infringed by the ruling for an answer either way would have had no discrediting or impeaching effect.

The testimony of the plaintiff tended to show that the 1911 model of the Chalmers-Detroit automobile came onto the market so that it was subject to inspection early in August, 1910. The plaintiff asked one Pappin this question: "What would you say would be the natural depreciation of a Chalmers-Detroit car, 1910 model, purchased in November, 1909, and used to May 28th, 1910, simply for such demonstration purposes as were necessary, the car being returned to the owner about the middle of August, 1910, and after the 1911 model was on the market, and subject to inspection by purchasers, for ordinary demonstration purposes by a dealer?"

It was not claimed that the witness was not an expert nor that the matter was not a proper subject of expert testimony, nor that the basis of the question was wrong in that the car was to be used in the livery business as well as for demonstrating purposes. The sole grounds of objection were that the question assumed that the car was used for such demonstrating purposes "as were necessary," whereas the evidence was that it was used for demonstrating purposes, and that the question was based on the assumption that the 1911 model was on the market before the car was released from attachment.

It was and is claimed that these assumptions were not based upon evidence, but there is no exactitude about the date in August when the car was released from attachment, as the word "about" shows, and as is indicated in the charge of the court; and we consider that the right to use the car for demonstrating purposes and the right to use it for such demonstrating purposes as were necessary mean substantially the same thing.

The court allowed the question to be answered and an exception was taken to its ruling. No valid objection being made to the question, there was no error in receiving the answer, since it was responsive.

Some objections to the hypothetical question are argued that were not pointed out below, but these we do not consider, particularly as the defendant undertook to specify all his objections to the question at the time it was put.

In charging upon the measure of damages in view of the fact that the car had been returned, the court told the jury that they might allow as damages the difference between the value of the car when it was attached and its value when it was returned. In this there was no error. *Stillwell* v. *Farwell*, 64 Vt. 286, 24 Atl. 243; *Yale* v. *Saunders*, 16 Vt. 243.

This was an application of the rule now well established that in actions of trover the return of the property may go in mitigation and reduction of damages, though never in bar of the action. The court further charged that the plaintiff might recover on account of having been deprived of the use of the car, of its use for renting purposes, or for any other purpose, and left it for the jury to say how much the plaintiff was fairly and reasonably entitled to on account of having been deprived of its use. As to the claim of loss of sale the court remarked: ''It is said the plaintiff might have sold it''; and it was left to the jury to say whether there was any evidence upon which to base a finding to that effect. ''Taking it altogether,'' the court said, ''What was the damage suffered by the plaintiff for the detention of the car?''

The defendant excepted to the charge as given as to the right of the plaintiff to recover damages for being deprived of rentals, inasmuch as the plaintiff was permitted under the charge to recover on the basis of the value of the car at the time of the conversion diminished by its value when returned to the plaintiff, claiming that the matter of rentals and loss of sale were not proper elements of damage.

The exception as we have seen related solely to the matter of rentals. To add the loss of gross rentals to the diminished value of the car would not have been correct, for the use of the car for rental purposes would naturally have involved wear and tear, and while the plaintiff was losing rentals he was spared

the loss, by depreciation of the car, which its use by way of rental would naturally entail.

But we do not understand the charge to permit the jury to add the gross amount of rentals lost to the amount of the depreciation in value of the car, but only to allow them to add to the "damage" from loss of rentals which is a very different thing. At any rate the ground of the exception was that the matter of rentals was not a proper element of damages, and this it clearly was; for the depreciation in the value of the car, and the damage suffered from the loss of its use by way of rental or otherwise, were, in this case, both necessary to be considered in arriving at the just measure of the plaintiff's loss. *Willey* v. *Hunter*, 57 V.t. 479, 491.

It may be thought by the defendant that the court did not make it clear that the damage from loss of rentals would not necessarily or naturally be the gross amount of rentals lost; and that a sale would have stopped the running of damages from loss of rentals. But there was no exception to the failure of the court to charge, and so no question in that regard is raised.

The exceptions are somewhat meager and the transcript is not referred to. As the case is presented error does not appear.

*Assessment affirmed.*