STATE *v.* EARL NOYES.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

*James E. Bigelow* for the respondent.

*Robert T. Stafford,* City Grand Juror of the City of Rutland, for the State.

MOULTON, C. J.   This respondent was charged with having committed a breach of the peace "by threatening, assaulting and striking with his motor vehicle another person, to-wit: one Joe LaPine."   The jury found him guilty, and judgment was entered upon the verdict.   The cause is here upon his exceptions.

The affair took place on Park Street in the City of Rutland near the north gate of the premises of the Rutland Agricultural Association, upon which the annual fair was then being held. The fence enclosing the fair grounds abuts upon the highway, but there is a space between the fence and the surfaced roadway. which, with the knowledge and consent of the mayor of the city, had been set aside as a parking area for the use of the officials of the association. LaPine was an employee of the association and was stationed at the place for the purpose of directing the parking of automobiles, but he was not a member of the city police and had no legal authority to control the movements of motor vehicles. The testimony as to what happened was conflicting, but it was open to the jury to find that the respondent drove his car off the surfaced part of the street, and was about to enter a vacant space in the parking area when LaPine stepped in front of his car and stopped him.   Upon inquiry from the respondent LaPine informed him that he was under orders from the mayor to reserve that space for the officials of the fair.   The respondent pungently expressed his disdain of the mayor, said that, being a heavy taxpayer, he was going in there regardless of his orders, told LaPine to get out of the way or he would run over him, and

at once put his car in motion. LaPine jumped aside, but too late, for he was struck and injured to an extent requiring medical attention.

The trial judge charged as follows: "If you find that the respondent deliberately drove there and into Joe LaPine as the State's evidence shows, and which the respondent denies, I charge you that as a matter of law this would amount to breach of peace, if you believe the State's evidence. That showed that after some altercation the respondent said he was going in there and if he did not get out of the way he would run into him. If you find that he deliberately drove into him, beyond a reasonable doubt, then he committed a breach of the peace and I so charge you. But it would not be necessary for you, to find that he committed breach of peace, to find that the respondent struck Joe LaPine because there is also a charge that he threatened him and you will bear in mind that there was evidence tending to show there was an argument between them. If you find there was such a threat or argument, beyond a reasonable doubt, then you should consider whether that amounted to a breach of peace." An adequate definition of a breach of the peace was then given. To this instruction two exceptions were taken as follows: "* * * to the charge of the court in which the following matter is contained: Where the court charges as a matter of law that a deliberate driving of the car into and toward Joe LaPine is a breach of peace. Where the court charges that a breach of peace is constituted by argument or altercation, in the absence of the striking by the automobile."

In support of the first above exception it is argued that the charge was erroneous in that it did not inform the jury that the respondent was unlawfully deprived of his freedom of action by the act of LaPine, and therefore had the right to resist by the use of reasonable force; and that the question whether there had been a breach of the peace, under the circumstances, was for the jury, since it might have been found that the respondent was without malicious intent, and his act was in the nature of a practical joke, in the belief that LaPine was about to stand aside. As to the second exception, it is contended that the complaint did not allege with sufficient particularity a breach of the peace by means of threats, and that the trial had proceeded upon

the theory that the offense consisted only in striking LaPine with the automobile.

However, neither of these exceptions is available. No grounds were stated, and the alleged defects were not pointed out. A trial court is entitled to be informed of the fault found with its instruction so that it may have a fair opportunity to pass judgment upon it and, if the objection appears to be well founded, add to, or modify the charge. Failing a reasonable indiction of the claimed error an exception is not appropriate to bring the point to our attention. *Porter* v. *Fleming,* 104 Vt. 76, 81, 156 Atl. 903; *Cummings* v. *Insurance Co.,* 101 Vt. 73, 92, 142 Atl. 82; *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394; *State* v. *Maguire,* 100 Vt. 476, 484, 138 Atl. 741; *Morgan* v. *Gould,* 96 Vt. 275, 279, 119 Atl. 517; *State* v. *Marino,* 91 Vt. 237, 242, 99 Atl. 882; *In re Bean's Will,* 85 Vt. 452, 464, 82 Atl. 734; *Lynds* v. *Plymouth,* 73 Vt. 216, 221, 50 Atl. 1083.

Other exceptions taken on trial have not been briefed, and consequently are waived. *Peck* v. *City Trust Co.,* 104 Vt. 20, 22, 156 Atl. 403; *Gray* v. *Brattleboro Trust Co.,* 97 Vt. 270, 274, 122 Atl. 670; *Wood* v. *James,* 93 Vt. 36, 43, 106 Atl. 566.

*Exceptions overruled.*