## State of Vermont v. Euclide Quesnel

[ 207 A.2d 155 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 2, 1965

*Peter Forbes Langrock,* State's Attorney, for the State.

*John T. Conley* for respondent.

**Keyser, J.** The respondent is informed against for fraud under 13 V.S.A. §2002 resulting on trial in a verdict of guilty and appeal by respondent. The questions for decision are the sufficiency of the information and error in the charge of the court.

The information as far as material charged that the respondent—

"did then and there with force and arms feloniously and designedly by false pretenses obtain from one Robert J. Kemp, the signature of said Robert J. Kemp to a written instrument, the false making whereof would be punishable as forgery, said written instrument being, to wit, a form note of the Chittenden Trust Company as follows:

Burlington, Vt.............................................................1962 $...............................

.................................................................. After date.............. .............promise

TO PAY TO THE ORDER OF.....................................................................................

.......................................................................................................................... DOLLARS

if this note is placed in the hands of an attorney for collection, the undersigned, jointly and severally, agree to pay all interest, costs and expenses of collection including attorney's fees.

Payable at CHITTENDEN TRUST COMPANY

Value Received ..................................................................................................

No.............................. ..................................................................................................

with then and there the intention to defraud said Robert J. Kemp of certain legal rights and obligations following from the execution of such note, the same being of the value of more than twenty-

five dollars ($25.00), said false pretenses being that he did represent that and tell said Robert J. Kemp, an employee at that time of said Euclide Quesnel, that his signature was to be obtained in connection with said Robert J. Kemp's social security deduction, said representations being false and the falseness of them being known to said Euclide Quesnel."

Subsequent to the verdict of guilty, the respondent moved to arrest the judgment in the following language:

"That the information does not state facts sufficient to constitute an offense against the State of Vermont in that it is necessary in the information to set forth the instrument in letters and figures unless it be in the hands of the person charged with the intent to defraud and in that case it is necessary to aver in the information that the instrument is in his possession."

A motion in arrest of judgment must specify the grounds on which it is based and on review it is controlled by the points raised in the court below. *State* v. *Donaluzzi*, 94 Vt. 142, 148, 109 Atl. 57; *Massucco* v. *Tomassi*, 80 Vt. 186, 194, 67 Atl. 551. Such motions are addressed to error apparent on the face of the record. *State* v. *Thornton*, 56 Vt. 35, 38. To withstand attack by a proper motion in arrest of judgment, a complaint must allege every fact essential to the offense charged. *State* v. *Cliffside, Inc.*, 120 Vt. 265, 266, 138 A.2d 310. See also *State* v. *Gosselin*, 110 Vt. 361, 365, 6 A.2d 14.

The statute under which the information is brought imposes a penalty upon anyone who designedly by false pretenses, with intent to defraud, obtains from another person, money, or other property, or the signature to any instrument, the false making of which would be punishable as forgery. 13 V.S.A. §2002. Under this statute if the respondent procured a signature to an instrument, which would constitute forgery, if it were not Kemp's signature, the offense is made out. This does not mean, nor is it required, that all the particulars of forgery be alleged in the information for this is not the offense. The statute creates and defines the offense and an information in the words of the statute, properly setting forth the pretenses and alleging their falsity, is sufficient. *State* v. *Switzer*, 63 Vt. 604, 606, 22 Atl. 724.

The question raised by respondent's motion is whether the information is defective because the note was not sufficiently described in the information.

It is the claim of the state as exemplified by the information and supported by the testimony it produced, that the note was in blank form when the respondent obtained Kemp's signature on it. Kemp, then an employee of the respondent, testified that the respondent came into the barn where he was working with three papers he said had to do with his, Kemp's social security and asked him to sign them. Kemp further testified that all he could see of the papers were the signature lines at the bottom; that he did not read the papers or know that they were notes, and that he trusted his employer.

The note in question here was admitted without objection as an exhibit and shows it was dated May 31, 1962, due twenty-one days after date and payable to Euclide Quesnel, the respondent, for $1,685.00. The respondent then discounted the note at the Chittenden Trust Company. Respondent contends that the note should have been described with these additional facts shown in it rather than in its blank form. This, as we have pointed out, was neither the allegation nor claim of the state nor its proof of fraud.

The instrument is set forth in the information in *haec verba*, as it must be, in charging forgery, *State* v. *Conlin*, 27 Vt. 310, 314, and is in the same form that the state alleged it was in when Kemp signed it. Under the circumstances disclosed in the case, the state could not have properly and correctly alleged otherwise concerning the note. It is sufficient if the information alleges that Kemp's signature was obtained designedly by false pretenses, to an instrument which could be the subject of forgery. *State* v. *Switzer*, supra. Thus, the offense charged was committed if, at the time in question, the respondent designedly with false pretenses with intent to defraud, obtained Kemp's signature on the note, the subject of forgery, and not thereafter. The information sufficiently and with particularity and certainty sets forth the offense charged under the statute. Respondent's motion in arrest was properly overruled by the trial court.

Respondent's motion to set aside the verdict was filed some two weeks after the jury returned its verdict of guilty. The motion is predicated on four grounds. It was overruled by the court with exceptions to the respondent. The only ground briefed by respondent is that the court erred in failing to instruct the jury as to the meaning

in law of the elements of the offense charged, specifically, "designedly, false pretenses and intent to defraud." The other grounds of the motion not being briefed are waived. *State* v. *Brisson,* 119 Vt. 48, 51, 117 A.2d. 255.

The record shows, and respondent concedes in his brief, that no objection was made or exception taken, at the trial to the instructions of the court to the jury. The respondent gave no indication that the charge was not completely satisfactory to him. The question was presented to the trial court for the first time by the motion to set aside the verdict.

It is the duty of the court to charge fully upon all points of law in the case whether or not it is requested to do so. *State* v. *Brisson,* 119 Vt. 48, 53, 117 A.2d 255; *Ryder* v. *Vermont Last Block Co.,* 91 Vt. 158, 99 Atl. 733. But where it is claimed the court has failed to instruct on one or more essential points or issues, such failure must be brought to the court's attention before the jury retires so as to afford the court a fair opportunity to correct, add to, or modify the instructions given. This is the well established law of this state. *State* v. *Stone,* 123 Vt. 95, 96, 181 A.2d 840; *State* v. *Coburn,* 122 Vt. 102, 106, 165 A.2d 349; *State* v. *Goyet,* 120 Vt. 12, 63, 132 A.2d 623; *State* v. *Noyes,* 111 Vt. 178, 181, 13 A.2d 187. A question cannot be brought to this court upon which it is made to appear that the trial court had no fair opportunity to pass judgment. *State* v. *Haskins,* 120 Vt. 288, 296, 139 A.2d 827.

Aside from this, there is another reason why the motion to set aside cannot be sustained. The question of error in the court's charge cannot be raised in the manner attempted here. Alleged defects in a charge, not supported by exceptions, cannot be raised by a motion to set aside a verdict. *State* v. *Haskins,* supra, at p. 296, and cases cited there.

The respondent's motion to set aside the verdict avails him nothing.

*Affirmed. Let execution of sentence be done.*