## Walter N. Kinney
## v.
## Rolland L. Cloutier

[211 A. 2d 246]

April Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed June 1, 1965

*Wick, Dinse & Allen* for plaintiff.

*Conley & Foote* for defendant.

**Shangraw, J.** In this action the plaintiff seeks to recover for property damage and personal injuries alleged to have been sustained by him as a result of an automobile accident which took place in Vergennes, Vermont, on December 25, 1961.

The case was tried by jury during the May Term, 1963, of the Addison County Court resulting in a verdict of $98.00 in favor of the plaintiff. After verdict, and before judgment was entered thereon, plaintiff moved that the verdict be set aside, and that a new trial on the issue of damages alone be granted, or in the alternative, a new trial on all the issues. These motions were denied. The plaintiff has appealed.

The declaration follows the conventional pattern by alleging that

plaintiff's automobile, while proceeding southerly on U. S. Route No. 7 in Vergennes, came in contact with that operated by the defendant which was then proceeding northerly on this highway. Following allegations of negligence on the part of the defendant, plaintiff claims that his automobile was extensively damaged; that he was required to expend money for automobile repairs; that he was injured; that he suffered pain, and continues so to do; that he was required to spend money for medical treatment and examination; and that he lost time and wages from his employment.

Specifically, the plaintiff by his brief assigns the following as errors on the part of the trial court: (1) refusal to allow the jury to consider a repair estimate as evidence of damage to his automobile; (2) refusal by the court to allow plaintiff to testify to, or allow in evidence the medical bills received by him; (3) failure to charge and submit to the jury the issue of pain and suffering; and (4) failure to set aside the verdict and grant a new trial.

The two automobiles collided, and by reason of the force of the impact each car was damaged to a considerable extent. The fender, door, and back panel of plaintiff's car was damaged. The front end, door, grill, steering wheel, and the motor of the defendant's automobile was also injuried. Following the accident, and before plaintiff's automobile was repaired, it was driven from Vergennes to Connecticut where plaintiff resided.

During the trial plaintiff was permitted to testify, without objection, that he had received a statement from Strong Alignment Service, of Connecticut, which garage does body work and also aligns front ends of cars, estimating the cost of repairing his automobile at $505.66. This statement of the estimated cost of repairs was admitted in evidence without objection. No evidence was offered as to the reasonable market value of the vehicle immediately before the accident, and its reasonable market value immediately afterward.

At no time did the defendant move to strike the foregoing evidence. At the close of all the evidence the defendant, in moving for a directed verdict, among other grounds, urged that the measure of damage in such cases is the "difference between its value before the injury and immediately thereafter." In its charge to the jury the foregoing item of claimed damage was excluded from consideration by the jurors. Plaintiff excepted to this exclusion.

As stated in *Purington* v. *Newton,* 114 Vt. 490, 494, 49 A. 2d 98, "The usual measure of damage in such case is the difference be-

tween the market value of the automobile immediately before the accident and its market value immediately afterwards. 5 Am. Jur. Automobiles, §746; *Collins* v. *Fogg,* 110 Vt. 465, 8 A. 2d 684; *Lyman* v. *James,* 87 Vt. 486, 490, 89 Atl. 932; *Chase* v. *Hoosac Tunnel & W. R. Co.,* 85 Vt. 60, 63, 81 Atl. 236. In determining the difference between the value of the automobile before and after the accident, or its depreciation as the result of the injury, evidence is admissible as to the reasonable cost of repairs made necessary thereby, and as to the value of the automobile as repaired." See cases cited.

On the issue of property damage, the plaintiff relies exclusively on the evidence as to the estimated cost of repairs. However, no evidence was offered that such repairs were made necessary by reason of the accident, or that the estimated cost was reasonable. Furthermore, there was no evidence that the estimate proved to be the actual amount expended by the plaintiff in repairing his automobile. The evidence on this issue was not sufficient in substance to justify submission of this element of damage to the jury. No error appears.

Plaintiff claimed injuries to his back and knee as a result of the accident. A couple of days following his return to Connecticut he called on a Dr. Schaefer who placed adhesive tape over plaintiff's back and also put an Ace bandage around his kneecap. X-rays were also taken by Dr. Stearns, of East Hartford, Conn., of plaintiff's back and kneecap shortly after the accident. Plaintiff testified that the foregoing treatment was occasioned by reason of the injuries sustained in the accident.

Without stating the amount of the bills for the above services, the foregoing evidence was received without objection. Statements covering charges for these services were offered in evidence by the plaintiff, and upon objection made by the defendant were excluded by the court. No proof was offered as to the necessity for these medical services, or the reasonableness of the charges made therefor.

Plaintiff also testified at trial that his back gave him trouble, and that he was then wearing a back support.

Plaintiff testified that he was unable to work for a week and that his loss of wages for this period was $98.00. This was the exact amount of plaintiff's verdict.

The trial court excluded from consideration by the jury on the damage issue the medical expenses, also the elements of pain and suffering. No exception was taken by the plaintiff to the court's action.

The medical expenses were not in evidence, and were properly rejected for consideration by the jury.

In referring to the elements of pain and suffering, it is the duty of the court to charge fully and correctly upon each point indicated by the evidence, material to a decision of the case, whether requested or not. Such is the established rule in this State, and a shortage in this duty, upon proper exception, requires a reversal. *State v. Brisson,* 119 Vt. 49, 53, 117 A. 2d 255.

However, as stated by Jutice Keyser, in *State v. Quesnel* 124 Vt. 491, 207 A. 2d 155, "But where it is claimed the court has failed to instruct on one or more essential points or issues, such failure must be brought to the court's attention before the jury retires so as to afford the court a fair opportunity to correct, add to, or modify the instructions given. This is the well established law of this State. *State v. Stone,* 123 Vt. 95, 96, 181 A. 2d 840; *State v. Coburn,* 122 Vt. 102, 106, 165 A. 2d 349; State v. Goyet, 120 Vt. 12, 63, 132 A. 2d 623; *State v. Noyes,* 111 Vt. 178 181, 13 A. 2d 187. A question cannot be brought to this court upon which it is made to appear that the trial court had no fair opportunity to pass judgment. *State v. Haskins,* 120 Vt. 288, 296, 139 A. 2d 827."

■ The foregoing precludes relief to the plaintiff in this court on the point of claimed error on the part of the trial court in its failure to submit to the jury the issue of pain and suffering.

In support of his motion for a new trial plaintiff limits, as grounds therefore, alleged errors on the part of the trial court concerning the elements of damage which have already been discussed in this opinion. In view of what has been said the denial by the trial court of the motion for a new trial must be sustained.

*Judgment affirmed.*