# William J. and Maye-Joan Whitcomb v. State Highway Board

[346 A.2d 187]

No. 207-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed October 7, 1975

*Langrock and Sperry,* Middlebury, for Plaintiffs.

*M. Jerome Diamond,* Attorney General and *Richard M. Finn,* Assistant Attorney General, Montpelier, for Defendant.

**Barney, C.J.** The State Highway Board is appealing an award to the Whitcombs as landowners. Both sides agree that the special verdict awarding $780.00 for the 2.6 acres actually taken is supported by the evidence and should be affirmed.

The dispute centers around the water supply of the landowners' dairy farm, as disrupted by the highway project. The farm is a large one of 438 acres, carrying approximately 264 head of livestock. Before the change in Route 22A, the farm's water supply consisted of a farm pond which supplied the barn, and a shallow well which supplied the house and milkhouse with adequate water to clean and sterilize the milking equipment.

The loss of water occurred during construction and, to alleviate the situation, the State gave the landowners water from a state-owned and developed well in the vicinity of the farm. There is also water available to the farm, on a rate-paying basis, from the Addison-Panton water district, whose mains run by the farm.

It is from these last two undisputed facts that the legal controversy stems. With respect to the furnishing of water from the state-owned well, it is the highway board's position that this should be considered in mitigation of damages. The landowners protested that they were merely the beneficiaries of gratuitous action on the part of the State which could terminate it at any time. The trial court instructed the jury to disregard this supplying of water in determining the damage to the property from the taking.

The issue in a condemnation case is the value of property taken, plus the direct and proximate lessening in value of the remainder. 19 V.S.A. § 221(2). There is a right to offset any increase in value from the taking against the damages suffered, but it need not concern us since that issue is not present in this appeal. This measure is usually framed in terms of the difference in value in the affected property before and after the taking. *Thorburn* v. *State Highway Board*, 130 Vt. 11, 13, 285 A.2d 755 (1972).

It can readily be seen that such a measure of damages cannot be compromised by transitory activities temporarily alleviating water loss, if they do not restore the value of the property to its pre-taking level. Such is the case here, and without evidence that the water loss was to be permanently restored by the State's well, as an appurtenance to the land, it was not for the jury's consideration on the issue of condemnation damage.

The other issue relates to the measuring of the diminution in value due to the water loss. Evidence was introduced as to the availability of water from the Addison-Panton water district, and the associated water rates. Based on these rates, evidence was given to the effect that replacing the old water system with the commercial supply represented a recurring permanent expense that amounted to the interest (at six per cent) on $20,000.00.

Additionally, there was testimony in the case which set the difference in value of the farm before and after the taking at between $20,000.00 and $40,000.00. The jury returned a verdict of $19,136.00, of which $18,356.00 was assigned to damage to the land remaining, as indicated in a special verdict.

The particular challenge of the highway board relates to the instruction of the trial court that, "In determining damages, you are instructed not to base any portion of your award on the projected cost figure relating to the monthly water charges which would be incurred if the Plaintiffs were obtaining water for their farm animals from the water district." This instruction is claimed to be inconsistent with the acceptance of evidence over objection relating to that cost.

Reading further in the charge, the matter becomes clearer. The trial court was reminding the jury that the legal definition of the damages they were bound to determine was (quoting the charge), "the difference between the fair market value of the farm on September 3rd, 1971 and the fair market value of the farm after the taking by the State of Vermont." This is the test of our cases. *Smith* v. *State Highway Board*, 125 Vt. 54, 56, 209 A.2d 495 (1965). The relevance of the cost of commercially supplied water may be likened to the relevance of estimated repair costs of an automobile where the measure of damages is the value of the car before and after the accident. See *Kinney* v. *Cloutier*, 125 Vt. 109, 111, 211 A.2d 246 (1965).

No grounds for reversing the judgment below have been demonstrated.

*Judgment affirmed.*