[Crim. No. 1407. Second Appellate District, Division One.—December 13, 1926.]

THE PEOPLE, Respondent v. BERT OWEN, Appellant.

[1] CRIMINAL LAW—DRIVING WHILE INTOXICATED—APPARENT INTOXICATION — CUSTOMARY HABITS — EVIDENCE. — In this prosecution on a charge of driving an automobile upon a public highway while under the influence of intoxicating liquor, where no one testified to having seen defendant take a drink of intoxicating liquor or to have observed the smell of such liquor on his breath at or near the time when the alleged offense was committed, and the evidence upon which the prosecution relied for a conviction consisted of testimony relating to the peculiar conduct of and statements made by defendant at or near the time in question, it was prejudicial error for the trial court to deny defendant the right to present to the jury evidence of his customary habits and eccentricities at a time or times when he was not under the influence of intoxicating liquor, not for the purpose of proving insanity, but to the end that the jury might determine the fact whether the conduct and statements of defendant at the time in question arose from what as to him was a usual state of mind or whether his actions were attributable to the fact that he was under the influence of intoxicating liquor.

---

(1) 22 C. J., p. 765, n. 7; 42 C. J., p. 1335, n. 51, 52, p. 1339, n. 43.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. Howard A. Peairs, Judge. Reversed.

The facts are stated in the opinion of the court.

B. W. Gearhart and Lindsay & Gearhart for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted of the offense of driving an automobile upon a public highway at a time when he was under the influence of intoxicating liquor. He appeals from the judgment and from an order denying his motion for a new trial.

[1] On the trial of the action no one testified to having seen defendant take a drink of intoxicating liquor or to have observed the smell of such liquor on his breath at or near the time when the alleged offense was committed; but the evidence upon which the prosecution relied for a conviction consisted of testimony relating to the peculiar conduct of and statements made by defendant at or near the time in question.

Evidence offered on behalf of defendant in explanation of such conduct and statements was denied admission by the trial court, and prejudicial error is predicated thereon.

From the record it appears that at the outset of the defense the rejected evidence was offered for the purpose, not of proving the insanity of defendant from the standpoint of his not knowing or appreciating right from wrong, but solely with the view of presenting to the jury evidence of the customary habits and eccentricities of the defendant at a time or times when he was not under the influence of intoxicating liquor, to the end that the jury might determine the fact whether the conduct of defendant and the statements made by him at the time in question arose from what as to defendant was a usual state of mind, or whether such actions on the part of defendant were attributable to the fact that he was under the influence of intoxicating liquor. At a later period in the course of the trial certain other questions were propounded to witnesses on behalf of defendant for the avowed purpose of showing his insanity, not to the extent of presenting a legal excuse for the commission of the offense (which in fact was denied), but for the purpose of showing the ordinary abnormalities of defendant both in his speech and in his general conduct at times when he was in a sober condition as distinguished from an intoxicated condition.

In announcing the general rule applicable to situations analogous to the facts here presented, Mr. Wigmore, in section 228, volume 1, of his work on Evidence, makes the statement that:

"On the general principle of relevancy (*ante,* § 34), any piece of conduct offered as indicating insanity may be explained away as equally or more consistent with some other hypothesis. That which appears to be an irrational act or utterance may, in the light of certain facts, be rational, or may be the result of some other abnormal mental condition than insanity (such as fever or intoxication). These *explanatory facts* are thus always admissible, providing only that they have in some degree an explanatory significance."

The same thought is perhaps expressed in section 862 of volume 22 of Corpus Juris, where it is said:

"It has been considered that where a certain cause is claimed to have produced a particular result it is competent to show other occurrences on other occasions which indicate that there was another cause for the result, . . . "

In the case of *People* v. *Miles,* 143 N. Y. 383 [38 N. E. 456], the defendant was charged with murder. One of his defenses was that he was insane when the crime was committed. Touching the reverse of the situation here presented, the prosecution introduced evidence tending to show that certain acts of the defendant which were claimed as indicating insanity on his part were in fact due to his intoxicated condition. On appeal, error was predicated upon the action of the trial court in admitting such evidence. The New York court of appeals, in considering the question, said:

"One of the defenses interposed on the trial was that of insanity. To sustain it, proof was given of the conduct of the defendant at Evans' Mills on an occasion when he was trying to settle his business difficulties with Mrs. Ward, and it was claimed on his behalf that his words and actions on that occasion were so strange and inexplicable as to indicate insanity. To rebut that inference, and answer the manifest tendency and purpose of the proof, the prosecution were allowed to show that on that day and that occasion the defendant was intoxicated, and that his excited and ugly conduct was explainable by that fact. The evidence was clearly admissible."

Reasoning from the principle announced by Mr. Wigmore to the effect that any act or utterance which may appear to indicate irrationality may in fact be shown to be the result of intoxication, it should follow that where it is contended that a given act is the product of intoxication, proffered evidence to the effect that such act or conduct may be attributed either to insanity or to an eccentricity should be admitted. Paraphrasing the citation from Corpus Juris, *supra,* where intoxication is claimed to have been the cause of certain conduct, it is competent to show other occurrences on other occasions which indicate that there was a different cause for such conduct. The rule as illustrated in the case of *People* v. *Miles,* 143 N. Y. 383 [38 N. E. 456], which permits one side to show that the given act claimed to be the offspring of insanity was in fact superinduced by intoxication, ought to admit of the reverse of the proposition and permit the introduction of evidence to show that where certain conduct is claimed as indicating intoxication, evidence may be introduced for the purpose of showing that such conduct was attributable either to a natural, normal, and customary eccentricity or trait of character, or that it was due to insanity.

The primary purpose sought in the trial of an action is the ascertainment of the truth. Any fact which will materially tend to enable a jury to determine the ultimate truth should ordinarily be submitted to the jury for its consideration. It appears to be conceded that defendant's conduct and speech at the time in question were not the product of a normal mind. The only real question in the case was whether defendant was intoxicated. The evidence adduced by the prosecution showed that he had said and done things which would indicate that he was drunk. Necessarily his defense, if any, must have rested either upon a denial of the facts testified to by witnesses introduced by the prosecution, or upon some explanation of his peculiar conduct and statements. If defendant had been insane, or if perchance immediately preceding the time at which defendant was charged with the commission of the offense he had suffered a severe physical injury and shock to his brain and general nervous system which rendered him irresponsible for his actions; or, if an anesthetic induced by a surgical operation had been administered to defendant immediately before the time in

question and from which anesthetic defendant had not completely recovered; or, if defendant had been "doped" by persons seeking to do him harm—it scarcely could be doubted that evidence thus tending to account for the strangeness of the conduct of and statements made by defendant would be admissible. The principle rests upon defendant's right to make a proper explanation of his conduct. Assuming that at the time charged in the information defendant's conduct was peculiar, it would seem clear that without endeavoring to show the direct cause thereof he had the right to establish the fact that his ordinary sober conduct was habitually eccentric and thus disprove the possible conclusion that his questioned conduct was the result of an intoxicated condition.

It is apparent that the refusal of the trial court to permit the introduction of the evidence relating to the alleged cause of defendant's peculiar conduct at the time charged in the information resulted in the deprivation of a substantial right to defendant.

It becomes unnecessary to notice other alleged errors occurring at the trial, as specified by appellant.

The judgment and the order denying the defendant a new trial are reversed.

Conrey, P. J., and York, J., concurred.