## State of Vermont v. Rheo A. Brisson

[117 A2d 255]

May Term, 1955.

Present: Jeffords, C. J., Cleary, Chase and Hulburd, JJ., and Holden, Supr. J.

Opinion Filed October 4, 1955.

*Louis Lisman* for the respondent.

*William B. Goldsbury*, State's Attorney, for the State.

**Holden, Supr. J.** The respondent Rheo A. Brisson was found guilty of operating a motor vehicle while under the influence of intoxicating liquor upon trial by jury in the Franklin County Municipal Court. By its verdict the jury found the respondent to have violated the provisions of V. S. 47, §10,287, "A person shall not operate or attempt to operate a motor vehicle while under the influence of intoxicating liquor * * * "

The cause is before this Court on exceptions taken by the respondent to the instructions to the jury by the trial court on submission of the case for decision.

Little or no conflict developed in the facts presented at the trial. Rheo A. Brisson was arrested in the early evening of June 1, 1954, on South Main Street in the City of St. Albans. His arrest came about after he was observed by a city police officer operating his motor vehicle astride the center line of the highway upon making a wide right turn into Main Street from an intersecting highway. The arresting officer observed nothing unusual about his outward appearance. He called upon Brisson to walk a straight line. The respondent staggered badly and his breath smelled of beer. Thereupon the officer informed Brisson he was under arrest. Brisson then became nervous, excited, and boisterous. His speech was quick but

normal. He refused to enter the police car voluntarily and force was required to complete the arrest. At a later examination by a physician he was subjected to a series of coordination tests. This examination disclosed his eyes reacted normally. Coordination was defective. His principal difficulty was in standing, walking and turning wherein he swayed and stumbled slightly. He experienced some difficulty in picking up a coin from the floor. The respondent admitted the consumption of two drinks of gin and a half glass of beer but asserted that these drinks in no way affected his usual physical conduct or reactions. The respondent conceded that he staggered and swayed on the night of June 1, 1954. He claimed, however, that this manner of walking was his customary gait when he walked more than a few steps, that it was only when he exerted intense concentration that he could walk a short distance without wavering.

During the examination of the State's medical witness by respondent's counsel, it was developed that the respondent had manifested symptoms of the disease of multiple sclerosis commencing in 1944. This witness testified that multiple sclerosis is a disease indicated by symptoms of swaying, stumbling, uncertainty, and groping, and when chronic, has periods of remission and relapse usually becoming progressively worse over a period of fifteen to twenty years. The relapses develop more frequently and recovery is less complete with each recurrence. The respondent was hospitalized at the Fanny Allen Hospital in Winooski in October 1951. His condition was then diagnosed as "questionable multiple sclerosis." One of the factors leading to this diagnosis was the respondent patient's staggering gait. The diagnosis made at the hospital in 1951 was not made known to the respondent. It appears that in the ordinary course, the respondent's physical condition from disease, producing a staggering gait and faulty coordination, would become progressively aggravated from 1951 to the date of the alleged offense on June 1, 1954, and that on the latter date Brisson suffered from the same physical condition with which he was afflicted when the diagnosis of questionable multiple sclerosis was first made. The respondent testified that while he was aware he suffered from a physical

infirmity and was currently receiving medical treatment for this affliction, he did not know the medical diagnosis of his condition until it appeared at the trial. The medical testimony in the case established in the proof that some of the generally recognized symptoms of the disease, multiple sclerosis, are consistent with some of the indications attendant upon human reaction to intoxication from alcohol. No other significant facts are established in the proof.

■ Of the several exceptions to the instructions of the court to the jury asserted by the respondent, two have been briefed. Those exceptions taken but not briefed are not for consideration on this appeal. *State* v. *Noyes*, 111 Vt 178, 181, 13 A2d 187; *Little* v. *Loud*, 112 Vt 299, 301, 23 A2d 628.

In his instructions to the jury the trial court completely and adequately explained the burden of proof, pointing out with proper definition that the respondent could not be found guilty unless the triers of the fact were satisfied of his guilt beyond a reasonable doubt. Reasonable doubt was explained with exactness and clarity in accordance with principles long established and accepted by the courts of this state. The rule of reasonable doubt was reiterated at the conclusion of the instruction.

To this aspect of the court's instructions, the respondent excepted in substance to the failure of the court to charge that if the jury found the evidence equally supported a conviction or an acquittal, then they must acquit.

In his brief of this exception the respondent relies on four of our cases. *State* v. *Goodhart*, 112 Vt 154, 158, 22 A2d 151; *State* v. *Boudreau*, 111 Vt 351, 360, 16 A2d 262; *State* v. *Bean*, 77 Vt 384, 403, 60 A 807; *State* v. *Davidson*, 30 Vt 377, 385, 73 Am Dec 312. These cases state that the required proof in criminal cases, where the evidence relied upon is entirely circumstantial, must be such as to exclude every reasonable hypothesis except that the respondent is guilty. None of them hold that the court was required to charge the jury that if the evidence equally supported a conviction or an acquittal they must acquit. Further, by properly imposing the burden of proof and clearly stating the rule as to reasonable doubt, the trial judge afforded the accused greater safeguard

than the instruction indicated by the respondent's exception. As to this exception no error is made to appear.

The respondent requested, and was allowed a further exception to the instructions of the court to the jury on submission of the cause. This exception is to the effect that the trial court failed to instruct the jury that if they found the inability of the respondent to have complete control of his faculties was due to disease rather than intoxicating liquor, their finding should be not guilty.

The language of the exception as it appears from the transcript of the record is not entirely articulate, nor is it exactly as it is quoted in the respondent's brief. However, it is manifest from a reasonable interpretation of its context that the respondent assigned error to the instructions of the court by reason of the failure of the court to advise the jury upon the theory of the respondent's defense and upon what facts they might predicate a finding of an acquittal. Thus, it adequately indicated the claimed shortage in the substance of the court's instructions. It meets the test prescribed in *Fitzgerald* v. *Metropolitan Life Ins. Co.*, 90 Vt 291 at 308, 98 A 498; *In Re Chisholm's Will*, 93 Vt 453, 456, 108 A 393; *Trombetta* v. *Champlain Valley Fruit Co.*, 117 Vt 491, 494, 94 A2d 797.

A study of the full text of the court's instructions discloses that no specific reference was made to the State's evidence or to the proof offered by the respondent. No statement was made by the Court defining the issues formed by the evidence. Definition was offered of the meaning of the expression "under the influence of intoxicating liquor." The Court advised the jury "that the expression covered not only all the well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquor, and which tends to deprive him (the respondent) of the clearness of intellect and control of himself which he would otherwise possess." The elements of the offense were outlined to the jury but nowhere in the course of the instructions was reference made to the defense offered by the respondent.

██ The State in this prosecution relied substantially on the respondent's faulty locomotion and coordination indicated

in his operation of the motor vehicle and through the course of the subsequent tests on June 1, 1954, in support of the complaint asserted against Brisson. The evidence received at the trial to the effect that on the occasion then under scrutiny by the jury, the respondent suffered from a disease that displayed symptoms consistent with human reaction to the influence of intoxicating liquor crystalized a well defined issue of fact. It was the respondent's right in pursuit of a fair trial to offer explanation for his abnormal locomotion and coordination. These factors had been offered by the State as compelling indicia of intoxication. It was the proper office of the respondent's defense to account for such peculiarities in response to the charge asserted against him. See *People* v. *Owen*, 80 Cal App 248, 251 P 686, noted in 49 ALR 1397. His claim to innocence rested directly upon the proposition that his physical disability was produced by disease rather than by alcohol. The ascertainment of the ultimate truth or falsity of this claim was the principal mission of the jury. It thereupon became the duty of the trial court to present this issue to the jury squarely, that they might confront it, consider it, and resolve its truth or falsity by their verdict. The respondent then became entitled to an instruction appropriate to the case made by his evidence in this respect. *State* v. *Clary*, 84 Vt 110, 113, 78 A 717.

■ This duty to so charge attached even in the absence of a request, for it is always the duty of the court to charge fully and correctly upon each point indicated by the evidence, material to a decision of the case, whether requested or not. Such is the well established rule in this State, and a shortage in this duty, upon proper exception, requires a reversal. *State* v. *Clary, supra*, at 113; *Rowell* v. *Town of Vershire*, 62 Vt 405, 410, 19 A 990, 8 LRA 708; *Bradley* v. *Blandin*, 94 Vt 243, 256, 110 A 309; *Stoddard Bros.* v. *Howard*, 101 Vt 1, 5, 139 A 776; *Wortheim* v. *Brace*, 116 Vt 9, 11, 68 A2d 719.

■■ In the case before us, the trial judge attempted to chart the course the jury should follow in search of the truth. Sound though his recital of the essential elements of the offense charged may appear, the instructions indicated a course in but

one direction. Failure to make any reference to the defense raised by the evidence may well have closed that course to the exploration of the jury. It could have had the effect of denying the jury's consideration of the sole issue upon which the respondent relied for freedom from criminal liability. Such has been held to be the effect of a failure to charge on the issue of the defense of the statute of limitations in a civil cause. *In the Matter of the Estate of Delligan*, 111 Vt 227, 239, 13 A2d 282, 289. For the same reason, a verdict thus achieved in a criminal case cannot stand. "The charge should be full, fair and correct on all issues, theories, and claims within the pleadings so far as the evidence requires." Powers, C. J. in *Morse* v. *Ward*, 102 Vt 433, 436, 150 A 132, 133. The charge upon which this case was submitted fails to meet this standard.

*Judgment reversed, conviction and sentence set aside, and cause remanded.*