## State of Vermont v. James Emilo, Sr.

[491 A.2d 341]

No. 82-412

Present: Hill, Underwood, Peck and Gibson, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 22, 1985

*John T. Quinn*, Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Andrew B. Crane*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant, James Emilo, appeals his conviction, after jury trial, for operating a motor vehicle under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201 (a) (2). We affirm.

Defendant submits two claims of error for our review. First, that the trial court erred in instructing the jury on inferences it was permitted to draw from defendant's refusal to submit to a breath test; second, that the police officer's failure to advise defendant that any refusal to take a breath test would be admissible against him at trial rendered the request invalid and requires reversal.

The facts as disclosed by the record, to the extent that they relate to the issues raised, are as follows. On June 16, 1982, a Middlebury police officer patrolling in his cruiser encountered a vehicle with an improperly loud exhaust. The officer stopped the vehicle, identified the defendant as the driver, and asked him to produce his license and registration. Defendant responded that he did not have a license and did not need a registration.

The officer detected the odor of alcohol on defendant's breath, and observed that his eyes were watery and bloodshot.

At the officer's request defendant started walking towards the police cruiser; in doing so he was unsteady on his feet and held onto the side of his vehicle. He stopped beside the trunk of his car and refused to go further. Ultimately, defendant was handcuffed, placed in the cruiser and taken to the police station for DUI processing.

In the course of processing the defendant, the officer asked him to take a breath test and informed him that a refusal could result in the suspension of his license to drive. Defendant refused to take the test.

At the close of all the evidence and arguments the trial judge instructed the jury, in part, as follows:

> In this particular case there has been evidence presented that the defendant refused to take a breath test, an evidentiary breath test. Under the law in the state of Vermont, a police officer, if he has reasonable grounds to believe someone is operating a motor vehicle under the influence of intoxicating liquor as I described it to you, has the right to ask for a breath test or evidentiary test. While the officer has a right to ask that there is no requirement that an operator has to take it. An operator has a right to refuse the test. The purpose of the test is to provide chemical analysis of the defendant's blood-alcohol content. In cases where there are tests certain inferences can be drawn from the results. In this case, since there is no test, it is the court's instruction that you may draw from the defendant's refusal to take the test such inferences that the totality of the circumstances would indicate to you. You are entitled to draw the inference that the defendant is exercising his rights in refusing to take the test, and that's all there is to it. You may also draw an inference the defendant chose not to take the test because he was concerned about the results. You are not required to take any inference nor are you required to use the refusal as the determining factor in the case, but it is available to you for what inference you feel is consistent with the totality of the circumstances in the case.

Defendant thereafter moved for a mistrial, arguing that the court "had usurped the province of the jury" when it sug-

gested inferences the jury might draw. The court denied the motion, but amended its instructions:

> Counsel remind me things more appropriately might have been said. During the course of instruction we did discuss this point, the test refusal. As I instructed you, you are permitted to draw certain inferences. You can draw none at all and just ignore it, you can draw an inference the defendant was doing nothing more than exercising his statutory right which he has, or if you wish you may draw an unfavorable inference. Now, should you draw an unfavorable inference that inference in and of itself is not sufficient to overcome the presumption of innocence. You must have other evidence in order to base a conviction. In other words, defendant's refusal to take the test in and of itself and by itself cannot be a basis for conviction.

The jury returned a verdict of guilty and the trial judge entered judgment; this appeal followed.

## I.

Defendant's first claim of error concerns the jury instruction regarding evidence that defendant refused to submit to the breath test and the inferences that may be drawn from that evidence of refusal.

■ At the outset, the law is clear that, in a prosecution for driving under the influence, the State is entitled to present evidence of the defendant's refusal to submit to an evidentiary test. 23 V.S.A. § 1205(a) ; *South Dakota* v. *Neville,* 459 U.S. 553, 564 (1983) ; *State* v. *Brean,* 136 Vt. 147, 151–52, 385 A.2d 1085, 1088 (1978). However, in his challenge to the trial court's instructions regarding the inferences which the jury might draw from a refusal, defendant accuses the court of failing to give a balanced, or as he characterizes it, an "even-handed" instruction on inferences. He relies on *State* v. *Brisson,* 119 Vt. 48, 117 A.2d 255 (1955), as authority for his argument that the court has a duty to give such an instruction.

In *Brisson,* the State introduced evidence of defendant's "faulty locomotion and coordination" in operating his motor vehicle and in his performance of certain tests as indicia of

intoxication. *Id.* at 52–53, 117 A.2d at 257. In rebuttal, the defendant presented evidence that his abnormal coordination and locomotion resulted from symptoms of multiple sclerosis. In instructing the jury, however, the court failed to make any reference to this evidence. This Court said that the "instructions indicated a course in but one direction. Failure to make any reference to the defense raised by the evidence may well have closed that course to the exploration of the jury." *Id.* at 53–54, 117 A.2d at 258. In short, the trial court failed to charge fully and correctly upon each point indicated by the evidence, and accordingly, we reversed.

In *Brisson* "the trial court neglected to give any instructions at all regarding the defendant's theory of the case." *State* v. *Billado,* 141 Vt. 175, 188, 446 A.2d 778, 785 (1982). However, in the case at bar the court did instruct the jury, in effect, on the defendant's theory that his refusal to take the test was an act from which one need not infer intoxication.

In its charge, the trial court referred to certain permissive inferences which could be drawn from the refusal evidence. One of the inferences pointed toward guilt (defendant "was concerned about the results"), the other did not point towards guilt (defendant "was exercising his rights in refusing to take the test, and that's all there is to it."). Further, the court instructed the jury that they need not draw any inference but if they took an unfavorable one "that inference in and of itself is not sufficient to overcome the presumption of innocence. You must have other evidence . . . [upon which] to base a conviction."

The instructions were consistent with *Brisson,* and, when taken as a whole and not piecemeal, there is no fair ground to say that the jury was misled. *State* v. *Dusablon,* 142 Vt. 95, 98, 453 A.2d 79, 81 (1982). We find no error in the charge.

## II.

Defendant's second claim of error concerns the arresting officer's failure to advise him that a refusal to take the breath test would be admissible against him at trial. He contends that this failure results in an insufficient request that he submit to the test. In support of his argument he cites *State* v. *Lund,* 144 Vt. 171, 176, 475 A.2d 1055, 1059 (1984), con-

struing 23 V.S.A. § 1202 (a) to require those law enforcement officers who are qualified to administer the breath test to "offer" the test to a DUI suspect.

For purposes of this case we need not determine whether our holding in *Lund* should be extended in accordance with defendant's theory. The issue is raised here for the first time. We have held repeatedly that claims of error not raised below must constitute plain error to warrant reversal. V.R.Cr.P. 52 (b) ; *State* v. *Boucher,* 144 Vt. 276, 282, 478 A.2d 218, 222 (1984). We hold that, assuming there was error at all, it did not rise to the level of plain error; accordingly we will not scrutinize defendant's second issue.

*Affirmed.*