## State of Vermont v. Linda Drown

[532 A.2d 575]

No. 84-584

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 31, 1987

*Robert M. Butterfield*, Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Per Curiam.** Defendant appeals from her conviction after a jury trial of operating a motor vehicle on a highway while there was .10 percent or more by weight of alcohol in her blood, in violation of 23 V.S.A. § 1201(a)(1). Defendant was acquitted of a separate charge of driving while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). The sole issue on appeal is whether the trial court erred in refusing to charge the jury on defendant's defense theory. We find that the court did err and, accordingly, reverse and remand for a new trial.

Defendant testified that the last two of the four drinks she had had the evening she was cited were consumed between five and

fifteen minutes before she was stopped. The breath test, which registered a blood alcohol content (BAC) of .14 percent, was performed twenty minutes after the stop was made. The State's expert witness, a chemist, testified that because it takes fifteen to thirty minutes to absorb a drink into one's system, it is possible that defendant's last two drinks were not fully absorbed into her bloodstream at the time of the stop. He stated that if there were no absorption of these drinks, defendant's BAC at the time the offense was alleged to have occurred could have been as low as .085 percent, a level below the prohibited percentage. On the other hand, under the version of the facts most favorable to the State's position, the chemist testified that, relating defendant's BAC back to the time of operation, her BAC might have been as high as .147 percent.

When defense counsel requested during the charge conference that the judge include an instruction addressing the possibility that the last two drinks might not have been in defendant's bloodstream at the time of arrest, the judge refused, stating that it was only one of several possible scenarios. Ultimately, the judge made only indirect reference to the defense, charging, in pertinent part, that

> The State has introduced evidence that the chemical analysis undertaken of the defendant's breath sample at the time of taking showed .14 percent by weight of alcohol in the defendant's blood. And this test was related back to the time defendant was operating her vehicle by the state chemist's testimony to be .147 percent. This evidence of test results is proper for you to consider, together with all of the other evidence in deciding the guilt or innocence of the defendant. In doing so, you should determine the validity and accuracy of the breath test and whether the defendant's blood alcohol content at the time she operated her motor vehicle exceeded .10 percent and give it just such weight and credit you believe it is entitled to receive.

A defendant is entitled to have the court present a defense based on the evidence "to the jury squarely, that they might confront it, consider it, and resolve its truth or falsity by their verdict." *State* v. *Brisson*, 119 Vt. 48, 53, 117 A.2d 255, 257-58 (1955). "[I]t is always the duty of the court to charge fully and correctly upon each point indicated by the evidence, material to a

decision of the case . . . ." *Id.* at 53, 117 A.2d at 258. In reversing in *Brisson,* the Court cautioned that "[f]ailure to make any reference to the defense raised by the evidence may well have closed that course to the exploration of the jury. It could have had the effect of denying the jury's consideration of the sole issue upon which the respondent relied for freedom from criminal liability." *Id.* at 54, 117 A.2d at 258.

■ There is no doubt that defendant's theory had weaknesses. It required the jury to believe that defendant consumed two drinks at different bars and reached the scene of the arrest in a very short period of time. Once the State's expert testified, however, that a BAC of .085 was possible, the defense theory had sufficient support to be presented to the jury. While the court is not bound to make every conceivable comment upon the evidence and the weight of it, it nevertheless is bound to charge upon the substantial issues in a case. *State* v. *Ciocca,* 125 Vt. 64, 75, 209 A.2d 507, 515 (1965). Where, as occurred in the instant case, the court below failed to instruct on the defense theory, a substantial issue that was arguably supported by the evidence, we must reverse.

*Reversed and remanded.*