# State of Vermont v. Darrell F. Day

[540 A.2d 1042]

No. 86-549

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Connarn, D.J. (Ret.), Specially Assigned**

Opinion Filed December 31, 1987

*Deborah A. Barnard,* Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *Henry Hinton,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Mahady, J.** Defendant was convicted, by jury, of knowingly and unlawfully selling for a consideration a regulated drug, cocaine, in violation of 18 V.S.A. § 4224(g). At trial, he relied upon the "procuring agent" defense. His appeal raises the following issue: Did the trial court adequately instruct the jury as to this theory of defense? We conclude that the charge was adequate and affirm.

Vermont recognizes the "procuring agent" defense. Where the sale of a regulated drug for a consideration forms the basis of the crime charged, the State must prove beyond a reasonable doubt that defendant was a "seller." However, " '[i]f the [defendant] undertook to act in the prospective purchaser's behalf rather than his own, and in doing so purchased the drug from a third person with whom he was not associated in selling, and thereafter delivered it to the buyer, the [defendant] would not be a seller.' " *State* v. *Bressette,* 136 Vt. 315, 317, 388 A.2d 395, 396 (1978)

(quoting that defendant's requested jury instruction and holding that the instruction should have been given).

Defendant requested the court to include the following instruction in its charge to the jury:

> The law requires the State to disprove the defense of agency beyond a reasonable doubt. So you must examine all the circumstances in this case to determine whether or not the State has proved beyond a reasonable doubt that the defendant did not act as an agent of [the buyer] . . . .

The trial judge did not give this instruction as requested, and defendant objected in a timely fashion.

The trial judge, however, did clearly charge that it was the burden of the State to prove beyond a reasonable doubt that defendant sold a regulated drug. He went on to explain:

> if [defendant] undertook to act solely in . . . [the buyer's] behalf rather than his own and in so doing obtained the drugs from a third person and delivered [them] to the buyer, he would not be a seller . . . . [I]t's important to understand that in a drug transaction every buyer is of course a participant but the buying of a regulated drug is not a crime in Vermont. The crime is selling a regulated drug.

The court further charged the jury:

> A person acting solely as an agent for a narcotics buyer cannot be convicted for the sale of a regulated drug. You must act on behalf of the seller to be guilty, or of course, he himself may be the seller. And if so, he would be guilty.

This charge fully explained defendant's theory of the case and the law applicable to that theory.

■ Obviously, "[i]t was not necessary for the court to use the precise terms which [a party] claims ought to have been included in the charge. The court may select its own language for instructions . . . ." *State* v. *Morse*, 127 Vt. 137, 141, 241 A.2d 328, 331 (1968). What is required is that the court provide the jury with a charge that is "full, fair, and correct on all issues, theories, and claims within the pleadings, so far as the evidence requires." *State* v. *Ciocca*, 125 Vt. 64, 74-75, 209 A.2d 507, 515 (1965).

It is particularly important to recognize that "[a] defendant is entitled to have the court present a defense based on the evidence

'to the jury squarely, that they might confront it, consider it, and resolve its truth or falsity by their verdict.'" *State* v. *Drown,* 148 Vt. 311, 312, 532 A.2d 575, 576 (1987) (quoting *State* v. *Brisson,* 119 Vt. 48, 53, 117 A.2d 255, 257-58 (1955)).

The trial judge clearly recognized the importance of this rule. He carefully tailored a clear and specific charge which fairly and fully explained defendant's theory of defense in the context of the evidence of the particular case. Indeed, the charge as given was much clearer than the requested charge.

Defendant complains, however, that the trial court concluded the portion of its charge quoted above by noting that "it is important to understand that if you find that [defendant] in this transaction, any transaction you found to have occurred, was acting solely as an agent for the buyer, he cannot be convicted." Defendant claims that the court's use of the words "if you find" impermissibly shifted the burden of proof to him. However, this single phrase cannot be taken out of context and viewed in isolation. *State* v. *Dusablon,* 142 Vt. 95, 98, 453 A.2d 79, 81 (1982). The trial court fully and correctly charged the State's burden of proof. The charge as given, when considered as a whole, was not the least misleading in this regard. See *State* v. *Poirier,* 142 Vt. 595, 600, 458 A.2d 1109, 1112 (1983).

Finally, defendant requested the trial court to include the following in its charge:

> the receipt of some benefit, such as a tip, does not require rejection of the ["procuring agent"] defense. So if the defendant was paid something by the buyer for arranging the sale, that does not mean he still cannot be his agent.

The court refused to give this instruction, and defendant objected. However, there was no evidence that defendant received any benefit, such as a tip, or that he was paid anything by the buyer. The issue simply was not in the case. A trial court is not required to charge matters not covered by the evidence. *State* v. *Goyet,* 120 Vt. 12, 62, 132 A.2d 623, 654 (1957); *State* v. *Corologos,* 101 Vt. 300, 305-06, 143 A. 284, 287 (1928).

There was no error.

*Affirmed.*