**STATE of Vermont v. James A. DUFORD**

[660 A.2d 736]

No. 94-083

March 30, 1995. Defendant appeals from his conviction of burglary and petit larceny. He raises two claims: (1) that the prosecutor's withdrawal of the plea agreement at the status conference violated the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132; and (2) that the trial court erred by refusing to give a jury instruction on diminished capacity. We affirm.

First, defendant argues that during the plea colloquy the trial court, as a matter of its supervisory authority, should have instituted a reasonable accommodation to defendant's mental incapacity in accordance with the ADA. Though the court had determined defendant to be competent to stand trial, the doctor's evaluation stated that his ability to understand the plea bargaining process was rudimentary and should be conducted through concrete examples. Defendant claims that the trial court ran afoul of this advice during the status conference, thus violating the ADA by failing to make a reasonable accommodation to defendant's mental disability.

On the morning of the status conference, there was a plea offer pending from the State. Defense counsel brought to the court's attention defendant's difficulties in understanding plea negotiations, and requested more time for defendant to reconsider the plea offer. The court granted the request. Once a plea agreement was reached, the trial judge questioned defendant regarding his understanding of the agreement. At that point, defendant stated he did not "understand none of this stuff. It's something I never done." The prosecutor then indicated he wanted the matter set for trial. The trial judge inquired once more whether or not defendant had an agreement that day. When defendant answered, "[n]ot that I know of," the court scheduled a trial and defense counsel did not object.

Where defendant does not preserve an issue for appeal, we will not review it sua sponte short of plain error "so grave and serious as to strike at the very heart of a defendant's constitutional rights." *State v. Mecier*, 145 Vt. 173, 178, 488 A.2d 737, 741 (1984). Although defendant argues that the issue was raised in effect at sentencing through an equal protection claim, it was not raised prior to trial. Even at the sentencing hearing, the ADA was never mentioned. Consequently, we hold the issue was not preserved. In light of the fact the plea offer had been open for quite some time and because the trial court gave defendant additional time to accept the offer on the day of the status conference, we find no plain error.

Second, defendant claims the trial court erred in refusing to grant the requested jury instruction on diminished capacity. Where the evidence supports it, the trial court should carefully review a request to charge the jury on diminished capacity in relation to the state-of-mind element of the crime. *State v. Smith*, 136 Vt. 520, 528, 396 A.2d 126, 130 (1978). The defense submitted the proposed charge on the second day of trial, and the State objected to the charge for lack of written notice on the claim of diminished capacity. The trial court indicated it would remain open to the charge but had so far heard no evidence to support it. At the charge conference, defense counsel renewed the request for a diminished capacity instruction and also requested more extensive instructions on the element of intent in

the respective offenses charged. The trial court amended its intent charge but found the diminished capacity charge unmerited because defendant had failed to give proper notice under V.R.Cr.P. 12.1 and because there was insufficient evidence to warrant the charge.

We conclude that the trial court was correct in refusing to include the diminished capacity charge because there was insufficient evidence to justify it. We have not held that expert testimony is necessary to show diminished capacity. The testimony of defendant's mother, however, was insufficient to establish defendant's diminished capacity. She testified that he had life-long learning disabilities and that he was socially inept. The thrust of her testimony was that defendant was a vulnerable person susceptible to manipulation; it did not establish defendant's incapacity to form the requisite intent to commit the crimes charged. No other testimony was offered regarding defendant's mental capacities. Since the evidence did not fairly present diminished capacity, the trial court was not required to give the requested jury instruction. *State v. Day*, 149 Vt. 165, 167, 540 A.2d 1042, 1043 (1987) (trial court not required to charge matters not covered by evidence).

*Affirmed.*